```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF VIRGINIA
                       Richmond Division
```

MAIK EVERT ENS LOBLEIN,
    Petitioner,

v.                                        Civil No. 3:25-cv-737

ROXANA ANDREA ALCARAZ DE ENS,
    Respondent.

## MEMORANDUM OPINION

This matter is before the Court on PETITIONER'S MOTION TO EXCLUDE RESPONDENT'S EXPERT ANÍBAL PÉREZ-LIÑÁN ("Motion to Exclude") (ECF No. 49), RESPONDENT'S OPPOSITION TO PETITIONER'S MOTION TO EXCLUDE THE EXPERT TESTIMONY OF DR. ANÍBAL PÉREZ-LIÑÁN (ECF No. 67), and PETITIONER'S REPLY IN SUPPORT OF MOTION TO EXCLUDE RESPONDENT'S EXPERT ANÍBAL PÉREZ-LIÑÁN (ECF No. 69). For the reasons set forth below, the Motion to Exclude will be DENIED.

### I. BACKGROUND

On September 12, 2025, Maik Evert Ens Loblein ("Petitioner") filed the PETITION FOR THE RETURN OF CHILDREN TO PARAGUAY (ECF No. 1) pursuant to the Hague Convention and the International Child Abduction Remedies Act, 22 U.S.C. § 9001, et seq. ("ICARA"). The Petition asserts that Roxana Andrea Alcaraz de Ens ("Respondent") unlawfully retained in the United States two children who habitually reside in Paraguay. ECF No. 1 at 1. On September 15, 2025, Petitioner filed an AMENDED VERIFIED PETITION FOR THE RETURN OF CHILDREN TO PARAGUAY (ECF No. 7).

On September 18, 2025, Pursuant to this Court's ORDER (ECF No. 14), a Temporary Restraining Order was entered preventing the removal of the two minor children, S.I.E.A. and M.A.E.A., from their location within the jurisdiction of this Court. ECF No. 14 at 5. By stipulation of the parties in this matter, the Temporary Restraining Order was extended until further Order of the Court after the AMENDED VERIFIED PETITION FOR THE RETURN OF CHILDREN TO PARAGUAY (ECF No. 7) is resolved on its merits. ECF No. 26 at 1.

Respondent has designated "Dr. Aníbal Pérez-Liñán to offer expert testimony regarding Paraguay's legal system, including its institutional capacity to protect victims of domestic violence, enforce protective orders, and maintain an effective system of criminal accountability." ECF No. 67 at 2. On November 24, 2025, Petitioner filed PETITIONER'S MOTION TO EXCLUDE RESPONDENT'S EXPERT ANÍBAL PÉREZ-LIÑÁN (ECF No. 49).

## II. LEGAL STANDARD

"Expert testimony in the federal courts is governed by Federal Rule of Evidence 702." In re Lipitor (Atorvastatin Calcium) Mktg., Sales Pracs. and Prods. Liab. Litig. (No II) MDL 2502, 892 F.3d 624, 631 (4th Cir. 2018). Rule 702 permits an expert to testify if "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue," and the testimony is "based on sufficient facts or data," "is the product of reliable principles

and methods," and the expert reliably applies "the principles and methods to the facts of the case." Fed. R. Evid. 702.

"In assessing the admissibility of expert testimony, a district court assumes a 'gatekeeping role' to ensure that the 'testimony both rests on a reliable foundation and is relevant to the task at hand.'" In re Lipitor, 892 F.3d at 631 (quoting Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 597 (1993)). To that end, an expert may be qualified based on professional studies or experience, but the court must "make certain that [the] expert . . . employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999). Expert testimony cannot be based on mere "belief or speculation, and inferences must be derived using scientific or other valid methods." See Oglesby v. Gen. Motors Corp., 190 F.3d 244, 250 (4th Cir. 1999).

In the context of a bench trial, "the trial court's gatekeeping function is much less critical . . . because there [is] 'little danger' of prejudicing the judge, who can, after hearing the expert's testimony or opinion, determine what, if any, weight it deserves." F.T.C. v. DIRECTV, Inc., 2017 U.S. Dist. LEXIS 13480, 2017 WL 412263, at *2 (N.D. Cal. Jan. 31, 2017) (citing F.T.C. v. BurnLounge, Inc., 753 F.3d 878, 888 (9th Cir. 2014)); United States v. Brown, 415 F.3d 1257, 1269 (11th Cir. 2005)

("There is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself."). Thus, "in a bench trial the court may admit expert testimony subject to excluding it later if the court concludes it is unreliable." Quality Plus Servs., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA., 2020 U.S. Dist. LEXIS 7337, 2020 WL 239598, at *13 (E.D. Va. Jan. 15, 2020) (quoting 29 Victor J. Gold, Federal Practice and Procedure § 6270 (2d ed. 2019)). Nonetheless, even in a bench trial case, it is necessary that expert testimony meet the fundamental admissibility requirements of Rule 702 and the decisions in Daubert and Kumho. The proponent of expert testimony bears the burden of proof in establishing its admissibility. Cooper v. Smith & Nephew, Inc., 259 F.3d 194, 199 (4th Cir. 2001) ("The proponent of [expert] testimony must establish its admissibility by a preponderance of proof.").

III. ANALYSIS

A. Whether Dr. Aníbal Pérez-Liñán's Specialized Knowledge Will Assist the Trier of Fact

Petitioner argues that Dr. Aníbal Pérez-Liñán's experience is insufficient to support his opinions regarding the ability of Paraguay's legal system to address cases of domestic violence. ECF No. 51 at 1. Rule 702 requires an expert to be qualified by "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. "The area of the witness's competence [must also]

match[] the subject matter of the witness's testimony." 29 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 6264.2 (2d ed. 2023). While a witness may fail to qualify as an expert if that witness lacks specialization in the subject matter, in most cases, a witness with general expertise is qualified to testify, and the lack of specialized knowledge will go to the weight of the testimony. Id.

As relevant here, Dr. Aníbal Pérez-Liñán, a Professor of Political Science and Global Affairs at the University of Notre Dame as well as Director of the Kellog Institute for International Studies, "is an internationally recognized scholar in political science, comparative legal systems, and rule-of-law performance in Latin America . . . ." ECF No. 67 at 2, 4. He holds a doctoral degree in political science, with a specialization in Latin American Political and legal institutions. ECF No. 67 at 4. He has authored two books related to Latin American political systems peer-reviewed publications in the American, Journal of Political Science, Comparative Politics, and others, and served in editorial leadership on major academic journals. Perez-Liñán Depo. Tr. 16:9-17:21. Additionally, his research includes Paraguay's compliance with the Inter-American Commission on Human Rights, and he has served as a consultant for the Paraguayan Supreme Court to prepare a report on Paraguay's compliance with human rights laws, which includes domestic violence. Perez-Liñán Depo. Tr. 18:17-21, 31:10-

17, 51:18-52:7.

On this record, Dr. Aníbal Pérez-Liñán's experience and knowledge are sufficient to qualify him as an expert on Paraguay's legal system, including its institutional capacity to protect victims of domestic violence, enforce protective orders, and maintain an effective system of criminal accountability. ECF No. 67 at 2, 4. While Dr. Aníbal Pérez-Liñán has conceded he would not consider himself an "expert on domestic violence in the Paraguay legal system[,]" he would consider himself "an expert of the Paraguayan legal system more broadly." Perez-Liñán Depo. Tr. 33:2-12. Here, the lack of specialized knowledge of domestic violence in the Paraguay legal system would go to the weight of the testimony, to be judged by the trier of fact, and not serve to disqualify Dr. Aníbal Pérez-Liñán as an expert. Therefore, Dr. Aníbal Pérez-Liñán possesses sufficient knowledge and experience such that his opinion would help the trier of fact evaluate the extent to which the minor children would be sufficiently protected by the Paraguayan legal system, which clearly informs the "grave risk" analysis under the Hague Convention.

B. Whether Dr. Aníbal Pérez-Liñán's Testimony is the Product of Reliable Principles and Methods

Petitioner argues that Dr. Aníbal Pérez-Liñán's opinion is not the product of reliable principles or methods. ECF No. 51 at 7. In support of this assertion, Petitioner claims that Dr. Aníbal

Pérez-Liñán "relies on a single, moldy study that analyzed a small handful of cases, along with two newspaper articles." ECF No. 51 at 6-7.

Daubert articulates several factors that courts may consider in evaluating whether proffered expert testimony is sufficiently reliable, including "(1) whether the expert's methodology can be tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error; and, (4) whether the theory or technique has gained general acceptance within the relevant scientific community." Wood v. Credit One Bank, 277 F. Supp. 3d 821, 856 (E.D. Va. 2017) (citing Daubert, 509 U.S. at 593-94). However, the inquiry is a flexible one, and "Daubert's list of specific factors neither necessarily nor exclusively applies to all experts or in every case." Kumho, 526 U.S. at 141. The trial judge has broad latitude to determine "whether Daubert's specific factors are, or are not, reasonable measures of reliability in a particular case." Id. at 153.

For "testimony that is primarily experiential in nature as opposed to scientific," there are "meaningful differences in how reliability must be examined." United States v. Wilson, 484 F.3d 267, 274 (4th Cir. 2007). Inquiries into testability, peer review, and error rates may not necessarily apply. Id. Instead, a court may focus on whether the experiential expert "employs in the courtroom the same level of intellectual rigor that characterizes

the practice of an expert in the relevant field" and whether the expert's reasoning or methodology has general acceptance in the relevant professional community. Kumho, 526 U.S. at 151-52.

Additionally, Rule 702 requires a witness "relying solely or primarily on experience" to "explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." Fed. R. Evid. 702 Committee Notes on Rules - 2000 Amendment; see also Wilson, 484 F.3d at 274 (stating the same); Reed v. Medstar Health, Inc., 2023 U.S. Dist. LEXIS 140788, 2023 WL 5154507, at *12 (D. Md. Aug. 10, 2023) ("[E]xperience is not a methodology. Methodology is the process by which the expert relates his experience to the facts at hand in order to reach an expert opinion.") (quoting Dean v. Thermwood Corp., 2012 U.S. Dist. LEXIS 3784, 2012 WL 90442, at *7 (N.D. Okla. Jan. 11, 2012)).

Here, Dr. Aníbal Pérez-Liñán "testified that he reviewed Paraguayan statutes and regulations governing domestic violence, analyzed institutional reforms dating back over two decades, examined NGO, government, and international data repositories, and consulted institutional actors to confirm real-world practices." ECF No. 67 at 5; see Perez-Liñán Depo. Tr. 22:19-23:7; 30:22-32:3. As an experiential expert witness, Dr. Aníbal Pérez-Liñán's methodology need not necessarily be supported with peer-reviewed journals and testable methodologies. These are all standard

methodological tools of a type that would be reasonably relied upon by experts in Dr. Aníbal Pérez-Liñán's field. Thus, on the record here, the Court is satisfied that methodologies employed by Dr. Aníbal Pérez-Liñán are the product of reliable principles and methods under the requirements of Daubert, Kumho, and Rule 702.

C. Whether Dr. Aníbal Pérez-Liñán Has Reliably Applied the Principles and Methods to the Facts of this Case

Petitioner raises no objection to whether Dr. Aníbal Pérez-Liñán has reliably applied the principles and methods to the facts of this case. However, this Court is satisfied that such generally accepted methodologies have been soundly applied to the facts here. In any event, the proper way to test the correctness and thoroughness of an expert's opinions is through cross-examination and rebuttal evidence. If Dr. Aníbal Pérez-Liñán's views are shown to be arbitrary or groundless, then the Court can give the testimony no weight. See Oglesby, 190 F.3d at 250 ("inferences must be derived using scientific or other valid methods" and cannot be based "on belief or speculation."); Quality Plus Servs., 2020 U.S. Dist. LEXIS 7337, 2020 WL 239598, at *13 (holding that the court may admit expert testimony subject to excluding it later in a bench trial).

IV. CONCLUSION

For the foregoing reasons, PETITIONER'S MOTION TO EXCLUDE

RESPONDENT'S EXPERT ANÍBAL PÉREZ-LIÑÁN (ECF No. 49) will be DENIED.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: December 3, 2025